WINDOW ROCK DISTRICT COURT

February 1, 1983

No. CP-CV-74-80

VIRGINIA TOLEDO, Plaintiff, v.

CHEE B. BENALLY, Defendant.

Honorable Tom Tso, Judge presiding.


This opinion and order is based upon the motion of Chee B. Benally, defendant in the above-captioned matter. The motion for Change of Judge, dated January 14, 1983, moves the court for an order disqualifying the Honorable Tom Tso on the grounds "according to movant's and his attorney's belief that any further involvement by Judge Tso in the cause of action might unfavorably influence the outcome at the trial." The motion is supported by an affidavit executed by Chee B. Benally which simply states his belief that "he will be unable to obtain a fair and impartial trial at the case, since he believes that Judge Tso is prejudiced and biased towards him."

The defendant in his affidavit also states that his motion for disqualification, dated August 12, 1981 disqualified Judge Tso from presiding over the case. The court record reflect on September 16, 1981 defendant submitted an "affidavit of defendant" stating his fear that the Judge may decide in favor of the plaintiff without respect to the merits of the case before him by reason of bias and prejudice of the judge in that the judge has demonstrated such a position in respect to his counsel, William P. Battles. The court records further shows that the only document filed was "affidavit of defendant", no appropriate motion for disqualification was ever filed.

In other words, the motion and affidavit simply assert a lack of impartiality and a belief of impartiality as to Judge Tom Tso. The court takes notice that the venue of this action was previously changed from the Crownpoint District to Tuba City and finally to Window Rock District.

The procedural question arising from this motion is whether the motion is sufficient to give the court grounds upon which to act. Normally, in the absence of a statute or rule of court, judges are disqualified as a matter of public policy and in the interest of impartiality where there is an interest the judge has in a matter or where the judge has a degree of relationship to a party. 46 Am.Jur.2d, Judges Sec. 86. Where there is a statute or rule of court for the disqualification of a judge, there is the view that such a statute or rule should be liberally construed to accomplish the object of assuring justice free from bias or influence caused by a judge's interest or relations. Id. Sec. 88.

In this case there is a rule of court with respect to disqualification. The pertinent portion of Rule 7 of the Rules of Civil Procedure is:

> "The judge may disqualify himself on motion of one of the parties or on his own motion. When a judge disqualifies himself, a copy of the order shall be sent to the Chief Justice who shall name a new judge to hear the case."

In other words, the rule simply provides that a judge _may_ be disqualified by motion, but it does not provide the grounds for disqualification. The court notes that the word "may" in the rule gives the court the power to grant or deny the motion based upon the use of sound judicial discretion.

This particular motion and conclusory affidavit provides the court no basis upon which to exercise judicial discretion. There are many grounds to disqualify a judge and a general accusation of a lack of impariality can include many reasons. See 46 Am.Jur.2d, Judges Secs. 94 through 197, discussing a myriad of grounds for disqualification.

The court concedes that in some jurisdictions the filing of a general and conclusory affidavit of disqualification without demonstrating facts showing prejudice is sufficient. Id. Sec. 210. However since our rule provides for a motion of disqualification which may be granted or not as a matter of discretion, the rule is that the facts upon which the disqualification motion is based must be set forth. Id. The correct rule for our courts would be:

> "Sufficient factual matters must be stated to show bias and prejudice on the part of the judge to the extent that it may reasonably and substantially appear that his actions during the trial will be so influenced that a fair and impartial trial may not result. Thus, it has been stated that the test of the sufficiency of an affidavit disqualifying a judge is whether its content shows that the party making it has a well-grounded fear that he will not receive a fair trial at the hands of the judge, and that allegations of facts that are merely frivolous or fanciful will not support a motion to disqualify on the ground of prejudice." Id.

Some states provide litigants with the opportunity to remove a judge from a case by either making a motion and showing no ground for removal or simply making a motion supported by a boilerplate affidavit of bias and prejudice. Others provide that detailed and specific grounds for disqualification must be shown. Our rule of court, which makes the question one of discretion pursuant to a motion, fits the latter description. (For a discussion of Federal disqualification practice, See Laird v. Tatum, 409 U.S. 824, 34 L.Ed.2d 50 (1972)).

Pursuant to the "affidavit of Defendant" dated August 12, 1981, the defendant fears that the judge will be prejudice due to an unspecified bias of the judge towards defendant's tribal court advocate, William P. Battles. The affidavit fails to show personal bias of the judge of such a degree as to adversely affect the defendant's interest. The Navajo Nation Court of Appeals has previously decided that bias (which is not shown in this case) is not sufficient to disqualify a judge:

"... there is ample case law which states that bias against a party's attorney is not sufficient to disqualify a judge.... In those cases in which the bias of a judge towards a party's attorney has been held sufficient grounds [for] disqualification of the Judge, the basis for disqualification have always been shown through affidavits of personal bias of such a degree as to adversely affect the client's interest." p. 216, Yazzie, et.al. v. Board of Education Supervisor, 1 Nav.R. 213 (1978).

Therefore, based upon the foregoing discussion, the Court enters the following orders:

1. The motion for disqualification of Chee B. Benally dated January 14, 1983 is hereby DENIED for factual and legal insufficiency, without prejudice to the renewal of the motion; and

2. Should the motion be renewed it must be made upon specific grounds and must be supported by sufficient affidavits of the party and his counsel in accordance with this opinion; and

3. Any such motion must be noticed and set for a hearing before the Court; and

4. Any such motion must be supported by a brief or memorandum setting forth the legal arguments in support of the motion with appropriate citations in support of such arguments.

SO ORDERED.